UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Number: 4:21-cr-3 |
| vs. | Count One: 18 U.S.C. §§ 1030(a)(2)(B), 1030(c)(2)(B)(ii)-(iii), and 2 |
| RACHEL MANNA, | (Fraud and Related Activity in Connection with Computers) |
| Defendant. | |

## INFORMATION

THE UNITED STATES CHARGES:

At all times relevant to this Information, unless otherwise specified:

### Count One
### 18 U.S.C. §§ 1030(a)(2)(B), 1030(c)(2)(B)(ii)-(iii), and 2
### (Fraud and Related Activity in Connection with Computers)

1. In 2018, Rachel Manna (hereinafter the "defendant") enlisted Danielle Taff ("Taff"), who was employed as a contractor paralegal at the United States Attorney's Office for the Southern District of Iowa ("SDIA"), located in Des Moines, Iowa, to use her official position to acquire non-public, confidential information related to an ongoing criminal matter being prosecuted by SDIA.

2. Taff was assigned to SDIA's Civil Division to perform work related to asset forfeitures. Her official duties and responsibilities did not require or authorize her to access criminal case files on SDIA's shared electronic data storage drive. At the outset of Taff's employment, she received training that she was not allowed to use her government computer for purposes unrelated to her official duties and responsibilities, nor was she allowed to copy or

1

disseminate non-public government information.

3. Beginning in the spring of 2018, the defendant asked Taff to use her position to obtain information related to a specific criminal matter involving the father of the defendant's child. The defendant knew that the information was not publicly available and that Taff could obtain it only because of her position at SDIA. She also knew that Taff was not authorized to access the information for personal, or non-work related, reasons and that criminal matters were outside the scope of Taff's work responsibilities. Likewise, she knew that Taff was not allowed to give the information to the defendant, and that the defendant was not authorized to possess such non-public information.

4. On or about May 16, 2018, in response to the defendant's request for information, Taff used her U.S. Department of Justice computer to access non-public information in a criminal investigation conducted by the U.S. Bureau of Alcohol, Tobacco, and Firearms and the Iowa Department of Narcotics Enforcement into methamphetamine-trafficking. The information was stored in a criminal case file on SDIA's shared electronic data storage drive, which was separate from the civil case files that Taff was authorized to access as part of her duties and responsibilities. In order to access these criminal case files, Taff searched through multiple layers of folders and subfolders, all of which were located under a parent folder labeled as criminal files. She accessed, among other things, a chemical-analysis report, a search warrant report, and reports of law enforcement interviews with at least two individuals who cooperated in the investigation ("Cooperator 1" and "Cooperator 2"). The interview reports identified the names, addresses, phone numbers, dates of birth, and other identifying information of Cooperator 1, Cooperator 2, and other individuals. Using her cellular phone, Taff took approximately 30 photographs of the

aforementioned reports and other records related to the drug-trafficking investigation as they were displayed on her computer monitor. Both the electronic data storage drive and the U.S. Department of Justice computer that Taff used to access the drive were for exclusive use by the Department of Justice in furtherance of the administration of justice. The information obtained by Taff in the photographed law enforcement reports was property belonging to the United States, which the Department of Justice had a right to keep confidential and in its exclusive control. The value of the information exceeded $5,000 based on the cost of the government facilities and employees required to produce the information.

5. At the time Taff obtained the information, she intended to share it with the defendant, who was not an employee of the Department of Justice or any law enforcement agency. The defendant and Taff understood that the defendant was not authorized by the Department of Justice to possess the information in any manner.

6. On or about May 16, 2018, Taff met with the defendant and permitted the defendant to photograph the approximately 30 images of the law enforcement reports displayed on the screen of Taff's cellular phone. On or about May 25, 2018, Taff met with the defendant and permitted the defendant to photograph at least one image of the law enforcement reports on Taff's cellular phone.

7. Between approximately May 16 and May 25, 2018, the defendant disseminated the photographs of the law enforcement reports to numerous people via Facebook Messenger. Between the same time period, after the defendant shared the photographs with other individuals, the photographs were further disseminated to and from individuals known and unknown over Facebook Messenger and other messaging platforms.

8. On or about October 7 and October 25, 2018, two individuals posted the photographs of the law enforcement reports to a Facebook group page called "des moines haterz & snitches," making them publicly available. The photographs were the same images that Taff took in her office at SDIA and subsequently provided to the defendant on or about May 16, 2018, and which the defendant subsequently shared with other individuals in May 2018.

9. On or about May 16, 2018, in the Southern District of Iowa, the defendant,

**RACHEL MANNA,**

knowingly and intentionally aided, abetted, induced, and willfully caused another to access a protected computer without authorization and in excess of authorization and thereby obtained information from any department or agency of the United States, that is, the defendant intentionally asked Danielle Taff to access her U.S. Department of Justice computer without authorization and in excess of her authorized access, by accessing the computer and a connected shared electronic data storage drive for a personal, non-work related purpose, and thereby obtained information belonging to the U.S. Department of Justice with a value exceeding $5,000. Additionally, the offense was committed in furtherance of a criminal act in violation of the laws of the United States, that is, in obtaining the information belonging to the U.S. Department of Justice, the defendant voluntarily, intentionally, and knowingly caused Danielle Taff to steal a thing a value belonging to the United States and converted it to the defendant's use, intending to deprive the United States of the exclusive use or benefit of the information and its confidential nature.

In violation of Title 18, United States Code, Sections 1030(a)(2)(B)(ii)-(iii), 1030(c)(2)(B)(iii), and 2.

COREY R. AMUNDSON
Chief
Public Integrity Section

By:     _____
Erica O'Brien Waymack
Matthew R. Palmer-Ball
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
1331 F St. NW
Washington, DC 20004
(202) 514-1412